UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENRARD D. BROUSSARD**<br>    **LA. DOC #387088**<br>**VS.** | **CIVIL ACTION NO. 6:14-cv-0433**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **WARDEN NATHAN CAIN** | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Kenrard Broussard filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on February 21, 2014. Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. Petitioner attacks his conviction for possession of more than 200 grams of cocaine while in a school zone, for which he was sentenced on January 31, 2012 to 18 years imprisonment by the Sixteenth Judicial District Court for Iberia Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

## PROCEDURAL HISTORY

On April 17, 2013, the Louisiana Third Circuit Court of Appeal affirmed petitioner's conviction and amended his 18 year sentence to reflect that only the first 10 years be served without benefit. *State v. Broussard*, 2013 WL 1628722, 110 So.3d 731 (La. App. 3rd Cir. 2013). On direct appeal, petitioner filed both a counseled and a *pro se* brief in which he raised the following claims: (1) that petitioner was entrapped and that the State failed to present sufficient evidence of predisposition to commit the crime; (2) that the entrapment jury charge was erroneous because it failed to inform the jury that the State had the burden of proving beyond a reasonable doubt that petitioner was predisposed or not entrapped; and (3) that petitioner's sentence was excessive and illegal because it was imposed without benefit. Notice of Judgment was mailed on April 17, 2013, the date that Judgment was rendered. [rec. doc. 7, pg. 49].

Petitioner sought further direct review in the Louisiana Supreme Court. Petitioner certified that his writ application was mailed to the Clerk of the Louisiana Supreme Court on August 15, 2013 by placing a copy of same in the prison mailbox along with sufficient pre-paid certified first-class postage. [rec. doc. 7, pg. 46]. The Louisiana Supreme Court denied petitioner's request for discretionary review on November 22, 2013 without comment. *State v. Broussard*, 126 So.3d 477 (La. 2013).

Petitioner has not pursued State Post-Conviction relief.

Petitioner filed the instant federal *habeas corpus* petition on February 21, 2014. Petitioner asserts the following claims for relief: (1) that petitioner was entrapped and that the State failed to present sufficient evidence of predisposition to commit the crime; (2) that the entrapment jury charge violated petitioner's due process rights because it failed to inform the jury that the State had the burden of proving beyond a reasonable doubt that petitioner was predisposed or not entrapped; and (3) that petitioner's sentence was excessive.

## LAW AND ANALYSIS

In light of the above procedural history, it is clear that petitioner's claims are technically defaulted. He has failed to fully and properly exhaust all available state court remedies prior to filing his federal *habeas corpus* petition and any attempt to litigate these claims in the Louisiana state courts at this time would be futile.

### *Exhaustion of State Court Remedies and Procedural Default*

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either

instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir. 1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each federal constitutional claim to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Moreover, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court, in a procedurally proper manner, even when review by that court is discretionary. *O'Sullivan v. Boerckel,*

526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). In Louisiana, the highest court is the Louisiana Supreme Court.

Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of his federal Constitutional claims in a procedurally correct manner to the Louisiana Supreme Court.

The record demonstrates that the Louisiana Third Circuit Court of Appeal affirmed petitioner's conviction and amended his 18 year sentence on April 17, 2013, and Notice of Judgment was mailed to petitioner that same date. Petitioner did not file his Louisiana Supreme Court writ application until almost four months later on August 15, 2013.

Under Louisiana Supreme Court Rule X, § 5(a), petitioner had a period of 30-days following the April 17, 2013 mailing of the Third Circuit's Notice of Judgment within which to file his writ application in the Louisiana Supreme Court.[1]  Rule X, § 5(a) is a procedural requirement governing the time of filing.  *See  Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" and therefore, an untimely petition is not "properly filed" for purposes of statutory tolling, as it cannot even be initiated or considered).

The rule sets out no specific exceptions to, or exclusions from, this procedural filing requirement and forbids any extension of the thirty-day limit. *Williams,* 217 F.3d at 308.  Thus, non-compliance with the thirty-day time limitation period set forth in Louisiana Supreme Court Rule X, § 5(a) places the claims contained in the untimely writ application in a posture in which the merits will not be considered.  As such, the claims contained in an untimely writ application are not "fairly presented" to the Louisiana Supreme Court and, accordingly, are not exhausted.

The record demonstrates that petitioner did not file his Louisiana Supreme Court writ application until nearly four months after the Third Circuit mailed Notice of Judgment to petitioner.  Therefore, all of the claims presented to this Court, which were

---

[1] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . No extension of time therefor will be granted."

contained in petitioner's untimely writ application, filed well beyond the 30-day period of limitations established by Louisiana Supreme Court Rule X, § 5(a), have not been fully and properly exhausted in the Louisiana state courts.

Moreover, it appears that petitioner would now be unable to return to the Louisiana courts to fully and properly exhaust remedies on the claims asserted herein. Although petitioner probably could file a timely application for state post-conviction relief[2], these claims, if raised, would undoubtedly be barred by Louisiana Code of Criminal Procedure article 930.4(A)[3], which precludes review of claims in post-conviction proceedings that were fully litigated on direct appeal.[4] Thus, any attempt by petitioner to re-litigate his claims in post-conviction proceedings to meet the exhaustion requirement would be futile.

---

[2]*See* La.C.Cr.P. art 930.8, establishing a two year limitation period within which to file for state post-conviction relief, generally running from the date the conviction becomes final.

[3]Article 930.4(A) provides as follows:
Unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the proceedings leading to the judgment of conviction and sentence shall not be considered.

[4]The Louisiana Supreme Court routinely relies upon art. 930.4(A) to reject applications for post-conviction relief which seek to litigate claims previously addressed on appeal. *See e.g. State ex rel. Lee v. State*, --- So.3d ----, 2014 WL 1814050, 2013-2229 (La. 4/25/14); *State ex rel. Charles v. State*, 135 So.3d 635, 2013-2043 (La. 4/4/14); *State ex rel. Trainor v. State*, 131 So.3d 55, 2013-1650 (La. 1/27/14); *State ex rel. Fortune v. State*, 126 So.3d 1282, 2013-1437 (La. 12/2/13); *State ex rel. Johnson v. State*, 125 So.3d 425, 2013-1240 (La. 11/1/13); *State ex rel. St. Romain v. State*, 98 So.3d 821, 2012-0590 (La. 9/12/12); *State ex rel. Kaigler v. State*, 97 So.3d 359, 2012-0049 (La. 8/22/12); *State ex rel. Craft v. State*, 85 So.3d 110, 2011-1434 (La. 3/30/12); *State ex rel. Lee v. State*, 82 So.3d 278, 2011-0757 (La. 2/17/12); *State ex rel. Thornton v. State*, 976 So.2d 711, 2007-0924 (La. 2/1/08); *State ex rel. Mead v. State*, 967 So.2d 532, 2007-0384 (La. 11/21/07); *State ex rel. Paul v. State*, 966 So.2d 567, 2007-0158 (La. 10/26/07).

In so finding, the undersigned recognizes that the bar imposed by article 930.4(A) does not generally preclude federal *habeas* review of repetitive claims. *See Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994). Unlike the present case, however, *Bennett* involved claims which had been fully exhausted on direct appeal. *Id.* at 1582. Thus, application of the *Bennett* rule did not "lift[] a pre-existing procedural default." *Id.* at 1583 *citing Ylst v. Nunnemaker*, 501 U.S. 797, 804, fn. 3, 111 S.Ct. 2590, 2595, fn. 3, 115 L.Ed.2d 706 (1991).

In this case, the *Bennett* rule could not benefit petitioner in the event he returned to state court and thereafter re-filed his claims in this Court. *Bennett* would direct this Court to "look-through" the anticipated ruling on collateral review imposing the article 930.4(A) bar and consider only the Third Circuit's ruling on direct appeal. *Id.* at 1582–83. However, for the reasons set forth above, that ruling was never properly presented to the Louisiana Supreme Court for review and therefore has never been properly exhausted. *Bennett* certainly cannot be read as allowing a federal *habeas* petitioner to obtain merits review of unexhausted claims by presenting these claims through the "backdoor" under *Bennett*.

Stated differently, an unexhausted claim can not become reviewable by virtue of the *Bennett* rule. Such a holding would be in direct contravention of well established exhaustion jurisprudence. In sum, application of *Bennett* in this case would lift petitioner's pre-existing procedural default, a result clearly not intended, or mandated, by

Page 8

the *Bennett* decision.

The undersigned is also aware of Judge Haik's recent ruling adopting Judge Hanna's Supplemental Report and Recommendation in *Johnson v. Cain*, 2014 WL 4955950, 6:13-2252, rec. docs. 17 and 21 (W.D. La. 2014). However, in *Johnson*, the issue as to the effect, if any, of the *Bennett* rule on subsequent federal proceedings was not determined. Rather, under the circumstances of that case, the Court ordered the State to respond to that issue; the State's response remains pending. *See Id.* at rec. doc. 26. In this case, the undersigned has concluded that no such response is necessary.

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present the claims to the state courts and is thereafter barred from seeking relief in those courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir. 1998). In such a case, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are considered "technically" procedurally defaulted. *Id.*

This Court may therefore refuse to review petitioner's claims unless petitioner demonstrates that he should be excused from application of the procedural default

doctrine by showing cause and prejudice for the default[5] or that a miscarriage of justice will result from the denial of federal *habeas* review.[6] *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman*, *supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996) *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

The cause of petitioner's default was his failure to properly and timely present the substance of his federal *habeas corpus* claims to the Louisiana Supreme Court. This failure was clearly not "an impediment external to the defense." Thus, petitioner has not shown "cause" for his default. This Court therefore need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

---

[5]In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (internal citations omitted).

[6]In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support this assertion, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Thus, the petitioner must make a "colorable showing of factual innocence." *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) *quoting McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993).

Likewise, petitioner has not shown that, as a factual matter, he is actually innocent of the crime for which he was convicted and, thus, he will not suffer a fundamental miscarriage of justice from this Court's failure to consider his claims.[7] Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

For the reasons set forth above, petitioner's claims are technically procedurally defaulted. Accordingly, this court is precluded from reviewing the merits of these claims.

Therefore;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame**

---

[7] Indeed, based on the facts recited by the Louisiana Third Circuit Court of Appeal on direct appeal with respect to petitioner's sufficiency of the evidence/entrapment claim, any claim of actual innocence by petitioner is not supported in the record. *See State v. Broussard*, 2013 WL 1628722 at *4-7.

**authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed in Chambers at Lafayette, Louisiana, November 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE