UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENRARD D. BROUSSARD**<br>     **LA. DOC #387088**<br>**VS.** | **CIVIL ACTION NO. 6:14-cv-0433**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **WARDEN NATHAN CAIN** | **MAGISTRATE JUDGE HILL** |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

In light of petitioner's objections to the undersigned's original Report and Recommendation related to his filings in the Louisiana Supreme Court [rec. doc. 10], Judge Haik remanded the Report and Recommendation to the undersigned for further review. [rec. doc. 12].

On April 17, 2013, the Louisiana Third Circuit Court of Appeal affirmed petitioner's conviction and amended his 18 year sentence to reflect that only the first 10 years be served without benefits. *State v. Broussard*, 2013 WL 1628722, 110 So.3d 731 (La. App. 3rd Cir. 2013). Notice of Judgment was mailed on April 17, 2013, the date that Judgment was rendered. [rec. doc. 7, pg. 49]. Therefore, under Louisiana Supreme Court Rule X, §5(a), petitioner's writ application to the Louisiana Supreme Court was due thirty days thereafter, that is, on or before May 17, 2013.

In his objections, petitioner argues that he timely filed an original writ application in the Louisiana Supreme Court because he sent "a letter" to the Court on May 17, 2013, which resulted in the Court's issuance of a responsive letter dated May 21, 2013,

assigning a docket number to petitioner's case.  He thereafter filed his writ application by mail on August 15, 2013.

Because petitioner did not originally provide a copy of the May 21, 2013 letter or the Louisiana Supreme Court's response thereto but, rather, provided only a copy of his August 15, 2013 writ application to this Court for review [rec. doc. 7, pgs. 32-55], the undersigned ordered the Clerk of the Louisiana Supreme Court to provide copies of the entire record of the matter docketed as *State of Louisiana vs. Kenrard D. Broussard*, No. 2013-KO-1142.  The Clerk of the Louisiana Supreme Court responded to the undersigned's Order.  [rec. doc. 14].

Review of the documents received from the Clerk of the Louisiana Supreme Court reveal that petitioner filed a Motion For Extension of Time dated May 16, 2013, which was post-marked May 17, 2013 and received by the Clerk of the Louisiana Supreme Court on May 21, 2013.  By this Motion, Broussard requested an extension of time within which to file his Louisiana Supreme Court writ application seeking review of the Third Circuit's ruling on petitioner's direct appeal, which Broussard acknowledges in his Motion was mailed to the parties on April 17, 2013.  Contrary to the allegations in petitioner's objection, no reason for the grant of an extension of time was given in his Motion.[1]  [rec. doc. 14, pg. 2-3].

---

[1] In his objection, Broussard alleges that he "wrote to the Supreme Court explaining your petitioner was being transferred within the State system and that transfer hindered your petitioner's effort to timely file within the 30 day period for Certiorari." rec. doc. 10, pg. 4.

In response, the Clerk mailed petitioner the letter dated May 21, 2013 that petitioner presented to this Court by objection, which merely advised that petitioner's "pleadings" post-marked May 17, 2013, which were received and filed on May 21, 2013, had been assigned Docket Number 2013-KO-1142. [*See* rec. doc. 10, pg. 8].

The Louisiana Supreme Court never granted petitioner's Motion for Extension of Time. This fact was acknowledged by Broussard in the cover letter to his actual writ application dated August 15, 2013, wherein Broussard states that "a motion for extension is still pending . . . I pray that the motion for extension is granted and the application accepted." [rec. doc. 14, pg. 50].

As the undersigned previously found, petitioner did not file his actual writ application to the Louisiana Supreme Court until August 15, 2013, the date petitioner certified that his writ application was mailed to the Clerk of the Louisiana Supreme Court by placing a copy of same in the prison mailbox along with sufficient pre-paid certified first-class postage, nearly three months after the expiration of the filing deadline. [rec. doc. 7, pg. 46; rec. doc. 14, pg. 40]. The Louisiana Supreme Court denied petitioner's request for discretionary review on November 22, 2013 without comment. *State v. Broussard*, 126 So.3d 477 (La. 2013).

The instant federal petition was not filed until February 21, 2014.

## LAW AND ANALYSIS

In light of the above, it is clear that the undersigned's prior analysis was correct. Petitioner's claims are technically defaulted. Petitioner did not present the substance of

Page 3

his federal Constitutional claims in a procedurally and timely manner to the Louisiana Supreme Court.

Louisiana Supreme Court Rule X, §5(a) provides in pertinent part as follows: "An application seeking to review a judgment of the court of appeal . . . after an appeal to that court . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . **No extension of time therefor will be granted**." (emphasis added).

Under Louisiana Supreme Court Rule X, §5(a), petitioner had a period of 30-days following the April 17, 2013 mailing of the Third Circuit's Notice of Judgment within which to file his writ application in the Louisiana Supreme Court. Rule X, § 5(a) is a procedural requirement governing the time of filing. *See Williams v. Cain*, 217 F.3d 303, 308 (5th Cir. 2000); *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that "time limits, no matter their form, are 'filing' conditions" and therefore, an untimely petition is not "properly filed" for purposes of statutory tolling, as it cannot even be initiated or considered).

While petitioner attempted to obtain an extension of the 30-day deadline to file his writ application by filing a Motion for Extension of Time, the Louisiana Supreme Court never granted petitioner the requested relief. Indeed, the relief requested by petitioner was simply unavailable – Rule X, § 5(a) sets out no specific exceptions to, or exclusions from, this procedural filing requirement and expressly forbids any extension of the thirty-day limit. *Williams,* 217 F.3d at 308. Thus, petitioner's non-compliance with the

thirty-day time limitation period set forth in Louisiana Supreme Court Rule X, § 5(a) placed the claims contained in petitioner's subsequent untimely writ application in a posture in which the merits could not be considered. Therefore, as previously found, all of the claims presented to this Court, which were contained in petitioner's untimely writ application, filed well beyond the 30-day period of limitations established by Louisiana Supreme Court Rule X, §5(a), were not fully and properly exhausted in the Louisiana state courts and are, accordingly, considered "technically" procedurally defaulted.

Furthermore, as previously found, petitioner has not demonstrated that he should be excused from application of the procedural default doctrine by showing cause and prejudice for the default or that a miscarriage of justice will result from the denial of federal *habeas* review.

For the reasons set forth above and those previously stated in the undersigned's original Report and Recommendation, petitioner's claims are technically procedurally defaulted. Accordingly, this Court is precluded from reviewing the merits of these claims. Therefore;

**IT IS AGAIN RECOMMENDED** that this petition for federal *habeas corpus* relief be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

Signed in chambers at Lafayette, Louisiana on March 5, 2015.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE